An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

THOMAS T. TARPLEY A/K/A THOMAS
CLIFFORD TARPLEY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64105

**FILED**

APR 10 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of possession of a stolen vehicle. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant Thomas T. Tarpley contends that the district court abused its discretion by ordering restitution without a "factual basis for the amount selected" and by "not specify[ing] who the restitution is to be paid to." Tarpley also claims that if the restitution amount "were to stand, it would enrich the victim, by giving her double the amount of what her loss actually was." We disagree.

Tarpley did not object to the restitution amount, therefore, we need not address the issue. *See Martinez v. State*, 115 Nev. 9, 12-13, 974 P.2d 133, 135 (1999). Moreover, we conclude that Tarpley fails to demonstrate plain error entitling him to relief. *See Mendoza-Lobos v. State*, 125 Nev. 634, 644, 218 P.3d 501, 507 (2009) (reviewing an unobjected-to error at sentencing for plain error). At the sentencing hearing, defense counsel discussed the matter of restitution and agreed that "[i]f there was some damage to the vehicle that needed to be repaired, that's also appropriate." Counsel acknowledged receiving the insurance

company's letter which formed the basis for the State's restitution request and the district court's award. While the judgment of conviction did not expressly state who was entitled to the restitution award, the charging document listed only one victim and, at the sentencing hearing, the district court expressly "impose[d] restitution in the amount of $6,156.60 *to be paid to the victim*." (Emphasis added.) The district court also correctly stated, "I can't order [Tarpley] to pay restitution to the insurance company, but I can sure order him to pay restitution to the victim." *See Martinez*, 115 Nev. at 12, 974 P.2d at 135 ("A defendant's obligation to pay restitution to the victim may not, of course, be reduced because a victim is reimbursed by insurance proceeds."). Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____ *Pickering* , J.
Pickering

_____ , J.
Parraguirre

_____ , J.
Saitta

cc:  Hon. Michelle Leavitt, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk